IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. BENJAMIN BROWN

No. W1999-00327-CCA-R3-CD - Filed August 8, 2002
October 24, 2000

Appeal from the Criminal Court for Shelby County
Nos. 96-13456, 57, Carolyn Wade Blackett, Judge

Coleman W. Garrett, Memphis, Tennessee, for the Appellant, Benjamin Brown.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, William L. Gibbons, District Attorney General, and Jennifer Nichols, Assistant District Attorney General, for the Appellee, State of Tennessee.

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

### OPINION ON REMAND

This case is before the court upon remand for reconsideration in light of *State v. Godsey*, 60 S.W.3d 759 (Tenn. 2001). The Appellant was convicted by a Shelby County jury of one count of felony murder committed in perpetration of aggravated child abuse, Tennessee Code Annotated § 39-13-202(a)(2) and one count of aggravated child abuse, Tennessee Code Annotated § 39-15-402.

In the direct appeal to this court, we concluded that the Appellant's dual convictions for aggravated child abuse and felony murder in the perpetration of aggravated child abuse violated constitutional protections against double jeopardy. As such, we affirmed the Appellant's conviction for felony murder and vacated his conviction for aggravated child abuse. *State v. Benjamin Brown*, No. W1999-00327-CCA-R3-CD, (Tenn. Crim. App. at Jackson, Oct. 24, 2000). Subsequent to the filing of this opinion, the Supreme Court released its decision in *Godsey*, holding that dual convictions for felony murder by aggravated child abuse and aggravated child abuse are permissible. *State v. Godsey*, 60 S.W.3d at 778. The court noted that the key issue of dual convictions is whether the legislature has indicated that cumulative punishment is intended. *Id.* If the legislature has so indicated, then the double jeopardy analysis need not proceed any further. *Id.* Moreover, in *Godsey*, our supreme court found that aggravated child abuse is not a lesser included offense of felony murder. Thus, finding that the legislature intended cumulative punishment for both felony murder

and the underlying felony of aggravated child abuse, it concluded that dual convictions for these offenses were proper. *Id.*

The facts as developed in *Godsey* are virtually identical to those in the case before us. The Appellant's argument with regard to double jeopardy focused upon the fact that the circumstances leading to both convictions arose form a single incident and a single course of conduct. We agree that the record supports this assertion. The same proof which established his conviction for aggravated child abuse is the same proof which established his conviction for the underlying felony, resulting in his felony murder conviction. Neither offense required proof of a fact not required in proving the other. We find no distinction in these facts from those presented in *Godsey*. The injuries to the victim in *Godsey*, resulting in dual convictions, arose from a single course of conduct. Medical proof established that there was no sign of older injuries indicative of previous child abuse. *Id.* Thus, in accordance with the holding of *Godsey*, we find that the Appellant's convictions for both felony murder committed in the perpetration of aggravated child abuse and aggravated child abuse are proper. Accordingly, the judgments of conviction entered by the trial court are affirmed.

_____
DAVID G. HAYES, JUDGE